## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN ERIC SANDLES,

    Plaintiff,

    v.                                                             Case No. 13-10663
                                                                                   Hon. Lawrence P. Zatkoff

BARBARA MCQUADE, LYNN DODGE,
JAN GEHT, WILLIAM L. WOODWARD,
PATRICIA GADEKE, SARAH COHEN,
RITA CHASTANG, STEPHEN MURPHY,
GEORGE C. STEEH, AVERN COHN,
KARL S. FORESTER, ALBERT MCKEAGUE,
WILLIAM M. CONLEY, PATRICK J. DUGGAN,
SEAN COX and JOHN DOE,

    Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 9, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' Motions to Dismiss [dkt 3, 5], and Plaintiff's Motion to Remand [dkt 6]. The Motion to Remand has been fully briefed. Plaintiff has not responded to Defendants' Motions to Dismiss, and the time period for him to do so has lapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without oral argument. For the following reasons, Defendants' Motions to Dismiss are GRANTED and Plaintiff's Motion to Remand is DENIED as moot.

## II. FACTUAL BACKGROUND

On or around January 30, 2013, Plaintiff John Eric Sandles filed this action in Wayne County Circuit Court, alleging that Defendants—including the various judges, attorneys, and prosecutors involved in his previous criminal and civil complaints—are part of a RICO conspiracy targeting Plaintiff. On February 15, 2013, Defendants removed the case to this Court.

Plaintiff has a lengthy history of attempting to litigate in federal court, having filed more than 80 federal cases. Many of those cases—if not all of them—arise from prior convictions in this District or the Eastern District of Wisconsin, the revocation of his supervised release, and/or the conditions of his confinement, specifically the failure to receive psychiatric treatment and/or evaluation. *See* Dkt. 3, ex. 4. Three Judges in this District have entered Orders precluding Plaintiff from filing additional suits before obtaining leave:

A. On January 28, 2008, Judge Battani entered an order adopting a Magistrate Judge's Report and Recommendation, enjoining Plaintiff from filing future actions without first obtaining leave of the court. *See* Dkt. 3, ex. 3.

B. After Judge Battani issued her Order enjoining the Plaintiff from filing future actions without seeking leave of the Court, Plaintiff filed two additional suits in the Wayne County Circuit Court. Both cases were removed to this Court and assigned to Judge Duggan. Judge Duggan dismissed the cases for violating Judge Battani's Order, enjoined Plaintiff from filing any future actions without first seeking leave of the court, and held that Plaintiff shall be subject to sanctions in the amount of $250 for each violation of Judge Battani's Order or for each filing of a frivolous lawsuit. *See* Dkt. 5, ex. 3–4.

C. Plaintiff filed another suit on June 5, 2012, in the Wayne County Circuit Court. The case was removed to this Court on June 27, 2012 and was assigned to Judge Sean Cox. On January 22, 2013, Judge Cox dismissed Plaintiff's Complaint with prejudice, and sanctioned Plaintiff $250. Judge Cox also ordered that, should Plaintiff file any further actions without the Court's leave, the Court will sanction Plaintiff in the amount of $500 plus all of Defendants costs and attorneys fees. *See* Dkt. 5, ex. 5.

## III. LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

## IV. ANALYSIS

Despite the warnings of three United States District Court Judges, Plaintiff has once again filed suit without seeking leave. As such, Defendants assert that Plaintiff's Complaint must be dismissed. The Court agrees. By filing the instant case without the Court's leave, Plaintiff violated the Orders entered by Judge Battani, Judge Duggan, and Judge Cox. *See* Dkt. 5, ex.'s 1–4. As Judge Duggan stated, "This, alone, justifies the Court's dismissal of his lawsuit." *See* Dkt. 5, ex. 3 at 3. Moreover, Plaintiff appears to raise the same claims that he did in his previous complaints, and for the same reasons, Plaintiff's instant complaint is frivolous. For these reasons, the Court shall grant Defendants' Motions to Dismiss.

## V. CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendants' Motions to Dismiss [dkt 3, 5] are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand [dkt 6] is denied as moot.

IT IS FURTHER ORDERED that Plaintiff shall, within 30 days of entry of this Order, pay $500 for violating previous Orders entered by Judges Battani, Duggan, and Cox.

IT IS FURTHER ORDERED that Plaintiff shall be held in contempt of court should he fail to make timely payment of the $500 sanction within 30 days of entry of this Order.

IT IS FURTHER ORDERED that Plaintiff shall pay Defendants' costs and attorneys fees associated with this case.

IT IS FURTHER ORDERED that Plaintiff is enjoined from filing subsequent actions without seeking and obtaining the Court's leave.

4

IT IS FURTHER ORDERED that, hereafter, sanctions in the amount of $750 shall be imposed on Plaintiff for each violation of this Order or for each filing of a frivolous, *in forma pauperis* lawsuit.

Date:   April 9, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE