UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC SANDLES,

    Plaintiff,

v.

BARBARA MCQUADE, LYNN DODGE,
JAN GEHT, WILLIAM L. WOODWARD,
PATRICIA GADEKE, SARAH COHEN,
RITA CHASTANG, STEPHEN MURPHY,
GEORGE C. STEEH, AVERN COHN,
KARL S. FORESTER, ALBERT MCKEAGUE,
WILLIAM M. CONLEY, PATRICK J. DUGGAN,
SEAN COX and JOHN DOE,

    Defendants.

_____/

Case No. 13-10663
Hon. Lawrence P. Zatkoff

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Strike Order of Dismissal from Record and to Remand the Case to the State Court [dkt 12], which the Court construes as a Motion for Reconsideration. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiff's motion for reconsideration is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiff's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion is DENIED.

### II. BACKGROUND

Plaintiff's motion challenges the Court's April 9, 2013, Order granting Defendants' Motions to Dismiss [dkt 3, 5]. In its April 9, 2013, Order, the Court found that Plaintiff filed suit without seeking

the Court's leave, thereby violating previous Orders entered by Judge Battani, Judge Duggan, and Judge Cox. *See* Dkt. 10 at 3. On this basis, the Court granted Defendants' Motions to Dismiss and denied Plaintiff's Motion to Remand as moot. The Court further ordered: that Plaintiff pay $500 in addition to Defendants' costs and attorney fees for violating the Court's previous Orders; that Plaintiff be held in contempt of court should he fail to make the $500 payment within 30 days; that Plaintiff be enjoined from filing subsequent actions without seeking and obtaining the Court's leave; and that Plaintiff's further violation of the Court's Orders or filing of a frivolous, *in forma pauperis* lawsuit, would result in a $750 sanction for each such violation or filing.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Plaintiff's Motion fails to state a palpable defect by which the Court has been misled. Rather, Plaintiff's motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiff's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*,

No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration [dkt 12] is DENIED.

IT IS SO ORDERED.

Date:   May 22, 2013

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              U.S. DISTRICT JUDGE